IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YELLOW TRANSPORTATION, INC.,

      Plaintiff,

vs.

      Case No. 07-2482-JTM

PIER 1 IMPORTS, INC.,

      Defendant.

MEMORANDUM AND ORDER

This removal action is before the court on the plaintiff Yellow Transportation's Motion to Remand. The plaintiff offers two grounds for its contention that removal was improper, and seeks an award of attorney fees in connection with the remand.

Yellow Transportation first argues that removal is inappropriate because of an exclusive venue provision limiting litigation between the parties to state court. It notes that a shipper is bound by the carrier's tariffs incorporated by reference into a bill of lading agreed to by the shipper. *Pay Phone Concepts v. MCI Telecom.*, 904 F.Supp. 1202, 1209 (D. Kan. 1995). In the present case, plaintiff's tariffs include the provision: "Unpaid freight bills are subject to civil suit in the State Courts of the [S]tate of Kansas, [C]ounty of Johnson." (Plf. Exh. A, § 3D)

However, Yellow Transportation fails to show that the provision in the tariff was intended as mandatory in nature, prohibiting any action outside of Johnson County, Kansas. *American Soda, LLP. v. U.S. Filter Wastewater Group*, 428 F.3d 921, 926-27 (10th Cir. 2005).

The difference between a mandatory and permissive forum selection clause is that

> mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum. In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere.

(Citations, alteration, and internal quotation marks omitted).

The tariff in the present case lacks any explicit usage indicating exclusivity. *See American Soda*, 428 F.3d at 927 (provision designated agreement for "the *exclusive forum* for the resolution of any disputes") (emphasis in *American Soda*); *Milk 'N More, Inc. v. Beavert*, 963 F.2d 1342 (10th Cir. 1992) (provision that venue "shall be proper" in a given jurisdiction was mandatory, since "use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made").

In one recent decision, this court concluded that a contract providing that suits under the contract may be brought in Fulton County, Georgia, was not an exclusive venue clause, in the absence of any language indicating exclusivity, construing the agreement against its drafter:

> The term "exclusive" is a perfectly good word; if defendant wished to bar any suits regarding the contract outside of Fulton County, it should have used that or some other comparable term. It did not do so, and the court finds nothing in the contact to bar the present action.

*Blair-Naughton, L.L.C. v. Diner Concepts, Inc.*, No. 06-1183-JTM, 2006 WL 3350641, at *3 (D. Kan. 2006). In the absence of any language clearly indicating manifestation of intent to be subject to suit only in Johnson County, Kansas, the court does concludes that the tariff provides for permissive venue only, and does not bar the present action.

Second, Yellow Transportation argues that the matter should be remanded since Pier 1 failed to include a copy of an exhibit to plaintiff's Petition with the notice of removal. 28 U.S.C. § 1446(a) requires the removing party to submit a statement as to the grounds for removal, "together with a

copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

The plaintiff notes that this court has held that the failure to include a copy of a summons along with a notice of removal was not a jurisdictional defect requiring remand in *Yellow Transp. v. Apex Digital*, 406 F.Supp.2d 1213 (D. Kan. 2005).  However, citing a recent decision of the Colorado District Court stressing the strict construction of the removal statute, *Durand v. The Hartford Life & Accid. Ins.*, 2007 WL 1395336 (D. Colo. May 9, 2007), the court urges reconsideration.  In both *Yellow Transp. v. Apex* and *Durand*, the removing party had erred in failing to include a copy of the summons for the plaintiff's petition.  In *Yellow Transp.*, the court held that the failure to file the state court papers was a curable defect.  In *Durand*, the court  believed strict construction prohibited removal because the summons was "indisputably 'process' under the statute."  2007 WL 1395336 at *1. Since it was indisputably "process," the court argued, any construction permitting removal was barred.

It must be noted that *Durand* appears to be a distinctly minority interpretation of the statute. One commentator, noting the decision in *Yellow Transportation*, has stated that this court was "following the predominant view" that such defects are not jurisdictional.  14C Wright, C., Miller, A., & Cooper, E., Fed. Practice & Proc. § 3733 n. 5. *See, e.g., Usatorres v. Marina Mercante Nicarguenses*, 768 F.2d 1285 (11th Cir. 1985); *Riehl v. National Mut. Ins.*, 374 F.2d 739 (7th Cir. 1967); *Covington v. Indemnity Insurance Company of North America*, 251 F.2d 930, 933 (5th Cir.1958), *cert. denied*, 357 U.S. 921(1958) (omission of the supporting documents is "merely modal and formal, and are completely without effect upon removal, if the case is in its nature removable"); *Gilbert v. Liberty Mut. Ins. Co., 2006 WL 288628*, at *3 (W.D. Ky. 2006); *Efford v. Milam*, 368 F.Supp.2d 380 (E.D. Pa. 2005); *In re Methyl Tertiary Butyl Ethter Prods. Liab. Litig.*, 399 F.Supp.2d

340 (D.C.N.Y. 2005).  *See also* 29A Federal Procedure, Lawyers Ed. (West Publ., 1998) § 69:75:

> The notice of removal must be accompanied by a copy of all process, pleadings, and orders served upon the defendant in the action. However, the failure of the party seeking removal to file with the notice all of the documents required by the statute should not render the notice of removal defective. The failure to file such documents should not be considered a jurisdictional defect, but merely a formal omission which may be remedied subsequently.

Not only is *Durand* contrary to the weight of opinion, it is also in tension with Tenth Circuit precedent.  The Tenth Circuit has held that it was appropriate to permit amendment of a removal petition to more fully set forth necessary but missing jurisdictional allegations.  *See Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299 (10th Cir. 1968); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468 (10th Cir. 1963).  In *Hendrix*, the court stated:

> Without questioning that removal requirements should be strictly applied, the statute authorizing correction of defects by amendment to conform to the true facts should not be dissipated in the process, but should be given practical effect in accordance with its apparent intent. To be unduly restrictive in determining 'defects' amendable under the statute in removal proceedings in principle would preclude the practical correction of similar inadvertences in proceedings originally brought in the federal courts, since the statute concerning amendments pertains to both.

390 F.2d at 301-02 (footnote omitted). It would be anomalous to conclude on the one hand that amendment may be freely used to clarify or augment the "short and plain statement of the grounds for removal" required by § 1446(a), but absolutely under no circumstances should an amendment be allowed to add an exhibit as one of the supporting documents required by the statute.

However, the court need not decide whether *Durand* was wrongly decided, since it is clearly distinguishable.  In *Durand*, as noted earlier, the court placed decisive importance on the nature of the omitted document, the summons for the state court complaint: "The Defendant's omission of the Summons – indisputably "process" under the statute – constitutes a defect in the Notice of Removal

here." 2007 WL 1395336 at *1.  But here, of course, the exhibit missing from the removal notice

does not automatically fall into any of the categories listed in § 1446(a), "process, pleadings, and

orders."  Of course, it might be considered a "pleading",  but only after the conclusion of that process

which *Durand* eschewed – construction.

Such construction does not compel remand.  The court views such exhibits as supplements

to pleadings rather than pleadings themselves.  Certainly this was the result in Dri *Mark Products,*

*Inc. v. Meyercord Co.*, 194 F.Supp. 536, 538 (D.C.N.Y. 1961), where the court noted:

> The third ground for plaintiff's motion is that the petition was defective because
> defendant did not file with the petition all of the exhibits annexed to plaintiff's
> application for the temporary injunction in the State court. See 28 U.S.C. § 1446(a).
> Though raised by the moving affidavit, the point is not pressed in plaintiff's brief.
> This is due, no doubt, to the fact that the argument has not merit. The failure to file
> the exhibits is not a jurisdictional defect.

The court finds that § 1446(a) did not require the filing of the missing exhibit since the

exhibit is not a "pleading" within the meaning of the statute.  Even if the statute required such

documents, the defect is not jurisdictional and may be cured by amendment.

In light of the court's findings, the plaintiff's request for attorney fees is denied.

IT IS ACCORDINGLY ORDERED this 10th day of April, 2008, that the plaintiff's Motion

to Remand (Dkt. No. 7) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE